ORIGINAL

Michael Jay Green    4451
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
michaeljgreen@hawaii.rr.com

Brian Mackintosh    9525
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
bmackphd@gmail.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 30 2013

at 2 o'clock and 10 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALDEN KAIAOKAMALIE, CHRISTIAN AARONA, DARREN CHU, HENSLEY ENOS, JESSE BROWN, JOSEPH C. ULII, JOSHUA SMITH, MELVIN LUKE, NATE JACKSON, PHILLIP PAVAO, JR., SCOTT KAEO,<br><br>Plaintiffs,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC., DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO. CV13 00383 JMS RLP<br><br>COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT FOR DAMAGES

Plaintiffs, by and through their undersigned attorneys, allege the following allegations and claims against Defendants Matson Navigation Company, Inc. ("Matson" or "Defendant"):

### I. JURISDICTION AND VENUE

1) This Court has jurisdiction over the above Defendants as the complaint involves questions of federal law, including the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., and the amount in controversy exceeds $75,000.

2) Venue is appropriate under 18 U.S.C. § 1391, as a substantial part of the events or omissions to the claim occurred, or a substantial part of property that is the subject of the action is situated in the District of Hawaii.

### II. PARTIES

3) Plaintiff ALDEN KAIAOKAMALIE resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

4) Plaintiff CHRISTIAN AARONA resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

5) Plaintiff DARREN CHU resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

6) Plaintiff HENSLEY ENOS resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

7) Plaintiff JESSE BROWN resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

8) Plaintiff JOSEPH C. ULII resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

9) Plaintiff JOSHUA SMITH resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

10) Plaintiff MELVIN LUKE resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

11) Plaintiff NATE JACKSON resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

12) Plaintiff PHILLIP PAVAO, JR. resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

13) Plaintiff SCOTT KAEO resides in the State of Hawaii and is employed by Matson Navigation Company, Inc.

14) Upon information and belief, Defendant MATSON NAVIGATION COMPANY, INC. is a California company licensed to do business in the State of Hawaii.

15) Plaintiffs have reviewed records that were made available to them in order to ascertain the true and full names and identities of all defendants in this action, but no further knowledge or information regarding the parties responsible is available at this time and Plaintiff is unable to ascertain the identity of the defendants in this action designated as DOE DEFENDANTS 1-10 ("Doe Defendants"); Doe Defendants are sued herein under fictitious names for the reason that their true names and identities are unknown to Plaintiff except that they may be connected in some manner with Defendants and may be agents, attorneys, servants, employees, employers, representatives, co-venturers, co-conspirators, associates, or independent contractors of Defendants and/or were in some manner responsible for the injuries or damages to Plaintiff and their true names, identities, capacities, activities and responsibilities are presently unknown to Plaintiff or their attorneys.

### III. COMMON FACTUAL ALLEGATIONS

16) Plaintiffs ALDEN KAIAOKAMALIE, CHRISTIAN AARONA, DARREN CHU, HENSLEY ENOS, JESSE BROWN, JOSEPH C. ULII, JOSHUA SMITH, MELVIN LUKE, NATE JACKSON, PHILLIP PAVAO, JR., and SCOTT KAEO work as Superintendants at Matson's Honolulu shipping facility.

17) Plaintiffs receive their pay from Matson based on a thirty-five hour work week.

18) Plaintiffs regularly work in excess of thirty-five hour per week and often work well in excess of forty hours per week.

19) Matson has never paid Plaintiffs their regular salary or overtime for the hours they have worked in excess of 35 hours per week.

20) Matson requires Plaintiffs to keep a time card that records their presence at work on an hourly basis.

21) For at least a decade, Matson has made an actual practice of making deductions from Plaintiffs' pay based on the quality and/or quantity of the work done by Plaintiffs.

22) Plaintiffs are aware of at least fourteen employees in their position under the same manager(s) who have been suspended without pay for periods of up to six weeks.

23) The pay deductions imposed by Matson against Plaintiffs and others similarly situated to Plaintiffs have not been for infractions of safety rules of major significance or for violations of workplace conduct rules, such as a written policy against sexual harassment or workplace violence.

24) Plaintiffs have repeatedly requested a written explanation of the policy for unpaid suspensions and pay deductions from Matson, but have

been informed that the suspensions are discretionary and decisions are made on an ad hoc basis.

25) Matson requires Plaintiffs to use their own vacation days when there is not enough work for them at Matson's facility.

26) Matson describes Plaintiffs' position as "one who directs and supervises longshore labor to maximize productivity and safely discharge and load cargo to and from the longhaul vessels and inter-island barges so that cargo moves on the vessel of the customer's choice and is available when the customer wants it."

27) Plaintiffs have no authority to hire or fire the employees they monitor, and Plaintiffs' suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees is not given particular weight. The employees Plaintiffs monitor have a higher salary than Plaintiffs have. Plaintiffs are unable to direct independently the laborers that they monitor.

28) Plaintiffs' do not generate their daily task assignments and do not exercise discretion or independent judgment with respect to matters of significance.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act)

29) Plaintiffs repeat and incorporate the above paragraphs herein.

30) The Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, requires that employers pay workers at a regular rate for hours worked up to forty hours per week and pay workers at a rate not less than one and one-half times the regular rate for hours worked above forty hours per week.

31) The law sets out categories of workers exempt from the hourly and overtime requirement, including those employees who are salaried and work in administrative or executive positions.

32) Matson's practice of suspending Plaintiffs (and those similarly situated to Plaintiffs) without pay based on the quantity or quality of their work, requiring Plaintiffs to keep hourly time cards, and requiring Plaintiffs to use personal vacation when there is not enough work at the terminal demonstrates that Matson does not intend to pay Plaintiffs on a salary basis.

33) Not only does Matson not pay Plaintiffs on a salary basis, the primary duties of Plaintiffs' position at Matson do not meet the requirement for any of the overtime exemptions set out by the Fair Labor Standards Act.

34) Matson has willfully violated the Fair Labor Standards Act by not paying Plaintiffs the regular salary and overtime pay owed to them as non-salaried, non-exempt employees.

35) Plaintiffs request three years of regular and overtime pay for their uncompensated labor, under the Statute of Limitations provision of Fair Labor Standards Act, 29 U.S.C. § 255, at an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### (Whistleblower's Protection Act)

36) Plaintiffs repeat and incorporate the above paragraphs herein.

37) In February 2009, Plaintiff ALDEN KAIAOKAMALIE ("KAIAOKAMALIE") reported Matson for violating Hawaii's mandatory health care requirements under Haw. Rev. Stat. § 393-11. As a result of his actions Matson was forced to extend health care benefits to a group of workers that it had previously excluded from its health insurance plan.

38) Shortly after the Defendant was forced to enroll workers it had previously excluded from its insurance coverage, Defendant retaliated against KAIAOKAMALIE by suspending him for two weeks without pay. The violation that Defendant used as an excuse to retaliate against KAIAOKAMALIE was a common error for which no one had ever been suspended.

39) Since that time, Defendant has continued to discriminate against KAIAOKAMALIE due to the action he took to protect the legal rights of his co-workers. In fact, KAIAOKAMALIE has had a bull's-eye placed on his back due to his whistle-blowing activities at Matson.

40) In March 2011 and March 2012, Defendant refused to interview or promote KAIAOKAMALIE into positions for which he was qualified. In fact, Defendant promoted other employees who were less qualified.

41) As a result of the anxiety created by the retaliatory and hostile work environment, KAIAOKAMALIE was forced to take a medical leave of absence.

42) As a condition of his medical leave, KAIAOKAMALIE's physician instructed him to continue normal daily activities, including playing music publicly in order to reduce his anxiety.

43) When Matson discovered that KAIAOKAMALIE was playing music in public (at the Merrie Monarch festival) while on medical leave, Matson terminated his medical leave and suspended him for an additional two weeks without pay.

44) Defendant has professionally and medically damaged KAIAOKAMALIE in retaliation for his whistle-blowing activities.

45) Haw. Rev. Stat § 378-63 provides a private right of action under Hawaii Whistleblowers' Protection Act for damages incurred as a result of employer's retaliation against whistleblowers.

46) Plaintiff KAIAOKAMALIE seeks actual damages, injunctive relief, and reasonable attorneys' fees in amounts to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

47) Plaintiffs repeat and incorporate the above paragraphs herein.

48) Defendant owed a duty of care to Plaintiff KAIAOKAMALIE to provide a safe and non-hostile work environment.

49) Defendant breached that duty of care through its retaliatory activities taken again KAIAOKAMALIE, who acted as a whistleblower for the State of Hawaii.

50) Defendant proximately caused actual injury to KAIAOKAMALIE, as evidenced by the medical treatment he received as a result of Defendant's actions.

51) Plaintiff KAIAOKAMALIE seeks actual and consequential damages, and reasonable attorneys' fees in amounts to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

52) Plaintiffs repeat and incorporate the above paragraphs herein.

53) The Defendant's extreme and outrageous conduct of bullying a whistleblower intentionally or recklessly caused KAIAOKAMALIE severe emotional distress.

54) Plaintiff seeks actual, consequential, and punitive damages in amounts to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant Matson Navigation Company, Inc. as follows:

1. All unpaid regular salary and overtime salary owed to them in amounts to be proven at trial;

2. Actual, consequential, special, and punitive damages in amounts to be proven at trial;

3. Reasonable attorneys' fees;

4. For such other and further relief as the Court may deem just and proper.

Dated: Honolulu, Hawaii, this 30th day of July, 2013.

/s/ Michael J. Green
MICHAEL J. GREEN
BRIAN MACKINTOSH
Attorneys for Plaintiffs
ALDEN KAIAOKAMALIE, CHRISTIAN AARONA, DARREN CHU, HENSLEY ENOS, JESSE BROWN, JOSEPH C. ULII, JOSHUA SMITH, MELVIN LUKE, NATE JACKSON, PHILLIP PAVAO, JR., SCOTT KAEO